# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 9, 2022        Decided June 30, 2023

No. 22-5058

THOMAS MASSIE, HON., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, ET AL.,
APPELLANTS

v.

NANCY PELOSI, HON., IN HER OFFICIAL CAPACITY ONLY, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02023)

*Christopher Wiest* argued the cause for appellants. With him on the briefs was *Thomas Bruns*.

*Douglas N. Letter*, General Counsel, U.S. House of Representatives, argued the cause for appellees. With him on the brief were *Todd B. Tatelman*, Principal Deputy General Counsel, *Eric R. Columbus* and *Michelle S. Kallen*, Special Litigation Counsel, and *Stacie M. Fahsel*, Associate General Counsel at the time the brief was filed.

2

Before: RAO and CHILDS, *Circuit Judges*, and TATEL, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RAO.

RAO, *Circuit Judge*: In January 2021, the United States House of Representatives adopted Resolution 38, which required wearing a mask when in the Hall of the House and provided fines for the failure to do so. When three representatives entered the House chamber without masks, they were each fined $500. The Representatives sued the Speaker of the House, the Sergeant-at-Arms, and the Chief Administrative Officer, challenging the constitutionality of the Resolution and its enforcement. The district court dismissed the complaint, holding the Speech or Debate Clause barred the suit. *See* U.S. CONST. art. I, § 6, cl. 1.

The Speech or Debate Clause's immunity from suit extends to all legislative acts, including matters within the constitutional jurisdiction of the House. The House adopted the Resolution pursuant to its authority to "determine the Rules of its Proceedings," and it fined the Representatives pursuant to its authority to "punish its members for disorderly Behaviour." U.S. CONST. art. I, § 5, cl. 2. Both the adoption and execution of the Resolution are legislative acts over which the Speech or Debate Clause confers immunity. We therefore affirm the dismissal of the suit.

I.

As part of the response to concerns about the transmission of the Covid-19 virus, House Resolution 38 authorized and directed the Sergeant-at-Arms to impose a fine for the failure to wear a mask in the Hall of the House. H.R. Res. 38, § 4(a)(1), 117th Cong. (2021) (allowing members to remove their masks only while recognized to speak). A few months after the

3

Resolution took effect, Representatives Marjorie Taylor Greene, Thomas Massie, and Ralph Norman protested the Resolution by entering the House floor to vote without wearing masks. The Sergeant-at-Arms fined the Representatives. After the House Ethics Committee denied their appeals, the Chief Administrative Officer deducted the $500 fine from their July 2021 paychecks.

The Representatives sued the Speaker of the House, the Sergeant-at-Arms, and the Chief Administrative Officer, claiming the adoption and enforcement of the Resolution violated the First Amendment, the Twenty-Seventh Amendment, the Discipline Clause, the Compensation Clause, and the Presentment Clause. The district court held the suit barred by the Speech or Debate Clause and dismissed for lack of subject matter jurisdiction. *Massie v. Pelosi*, 590 F. Supp. 3d 196, 231 (D.D.C. 2022). The Representatives timely appealed.

II.

We begin with the defendants' claim that the Speech or Debate Clause bars the Representatives' suit. The Clause's immunity from suit presents a jurisdictional issue, so we must consider it at the outset.[1] *See Ass'n of Am. Physicians & Surgeons, Inc. v. Schiff*, 23 F.4th 1028, 1035 (D.C. Cir. 2022). Following the reasoning of our recent decision in *McCarthy v.*

---

[1] This case concerns only the Clause's immunity from suit and does not implicate the other protections recognized as flowing from the Clause, such as its evidentiary and testimonial privileges. These privileges shield Members against certain forms of questioning, but do not deprive the court of jurisdiction. *See Fields v. Off. of Eddie Bernice Johnson*, 459 F.3d 1, 14 (D.C. Cir. 2006) (en banc) (explaining that even "[w]hen the Clause does not preclude suit altogether" members of Congress may still have the protection of evidentiary and testimonial privilege regarding legislative acts).

4

*Pelosi*, we hold the defendants have immunity from suit because the adoption and enforcement of the Resolution were legislative acts within the jurisdiction of the House.[2] 5 F.4th 34, 40 (D.C. Cir. 2021).

A.

The Speech or Debate Clause states: "Senators and Representatives … for any Speech or Debate in either House … shall not be questioned in any other Place." U.S. CONST. art. I, § 6, cl. 1. The Clause has long been understood to immunize "things done in the House in a Parliamentary course." 1 THOMAS JEFFERSON, A MANUAL OF PARLIAMENTARY PRACTICE 23 (2d ed. 1812); *see also* JOSEPH STORY, COMMENTARIES ON THE CONSTITUTION § 863 (1833) ("[T]his privilege is strictly confined to things done in the course of parliamentary proceedings."). The Massachusetts Supreme Court, interpreting an identical state provision, held the privilege encompassed "act[s] resulting from the nature, and in the execution, of the [legislator's] office." *Coffin v. Coffin*, 4 Mass. 1, 27 (1808). In one of the earliest decisions to address the Clause, the Supreme Court adopted *Coffin*'s "authoritative" holding and held the Speech or Debate Clause immunized Members for matters "generally done in a session of the House by one of its members in relation to the business before it." *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880).

Although the Clause refers to "Speech or Debate in either House," the Supreme Court has consistently held the Clause's

---

[2] Because we hold the Speech or Debate Clause bars this suit and the court lacks jurisdiction to consider it, we have no occasion to consider whether the Representatives have standing to sue. *Cf. McCarthy v. Pelosi*, 5 F.4th 34, 38 (D.C. Cir. 2021) (reaffirming that "we can take up jurisdictional issues in any order").

5

protections extend to other "legislative acts." *United States v. Brewster*, 408 U.S. 501, 512 (1972); *see also, e.g.*, *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951); *Dombrowski v. Eastland*, 387 U.S. 82, 84–85 (1967); *Hutchinson v. Proxmire*, 443 U.S. 111, 126 (1979). Beyond actual speech or debate, an act is considered "legislative" only if it is "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to" either: (1) "the consideration and passage or rejection of proposed legislation" or (2) "other matters which the Constitution places within the jurisdiction of either House." *Gravel v. United States*, 408 U.S. 606, 625 (1972); *see also McCarthy*, 5 F.4th at 40. An act may be considered legislative if it fits within one of *Gravel*'s categories.

B.

The Representatives challenge the adoption and enforcement of the Resolution, which required wearing a mask in the Hall of the House. We cannot consider the merits of the Representatives' constitutional arguments because their suit concerns legislative acts protected by the Speech or Debate Clause.

The House enacted the Resolution pursuant to its constitutional authority to "determine the Rules of its Proceedings" and to "punish its Members for disorderly Behaviour." U.S. CONST. art. I, § 5, cl 2. The House is "expressly empower[ed]" to enact internal rules and punish members for violating those rules. *Kilbourn*, 103 U.S. at 189–90; *see also Rangel v. Boehner*, 785 F.3d 19, 23–24 (D.C. Cir. 2015) (Congress' adoption and "execution of internal rules is legislative.") (cleaned up). The enactment of the Resolution and its enforcement are squarely within the jurisdiction of the House, and therefore are legislative acts.

6

In reaching this conclusion, we rely on the reasoning and analysis in *McCarthy v. Pelosi*, which similarly held that the adoption and implementation of a house resolution were legislative acts protected by the Speech or Debate Clause. In *McCarthy*, several representatives challenged the constitutionality of House Resolution 965—the so-called proxy voting rule—and sought an injunction barring the Speaker, the Sergeant-at-Arms, and the Clerk of the House from implementing it. 5 F.4th at 38–39. After holding "the acts presented for examination are quintessentially legislative," we explained that the actions also "fall within *Gravel*'s second category" because "the House adopted its rules for proxy voting under its power to 'determine the Rules of its Proceedings.'" *Id.* at 39–40 (quoting U.S. CONST. art. I, § 5, cl. 2). As with the proxy voting rule, the Resolution here was a rule of proceeding committed to the jurisdiction of the House.[3] And, like the proxy voting rule, it regulates the conduct of Members on the House floor. Therefore, its adoption was a legislative act protected by the Speech or Debate Clause.

The enforcement of the Resolution was also a legislative act. The Speech or Debate Clause protects the "execution of legislation when the executing actions themselves constitute legislative acts." *Id.* at 41. Fining members for the violation of a House rule is an aspect of Congress' power to "punish its Members for disorderly Behaviour." U.S. CONST. art. I, § 5,

---

[3] Although *McCarthy* held the proxy voting rule was a legislative act within the meaning of both *Gravel* categories, it made clear that immunity may attach under either category. *Id.* at 40; *see also Barker v. Conroy*, 921 F.3d 1118, 1126–27 (D.C. Cir. 2019). We decide this case solely under *Gravel*'s second category, concluding the challenged acts are committed by the Constitution to the House.

7

cl. 2. Here, the imposition of a fine for violating the Resolution is a legislative act that may not be questioned in this court.

In sum, the Speaker, Sergeant-at-Arms, and Chief Administrative Officer have immunity from suit because the adoption and execution of the Resolution are legislative acts protected by the Speech or Debate Clause.

C.

The Representatives raise familiar arguments against the application of Speech or Debate Clause immunity to their suit, but these are foreclosed by our case law.

The Representatives maintain the Clause does not immunize the execution of the Resolution because the "execution or carrying out" of a resolution "is not cloaked with Speech or Debate immunity" even though its adoption and ratification may be. This argument fails because as we recently explained, "[t]he salient distinction under the Speech or Debate Clause is not between enacting legislation and executing it," but rather "between legislative acts and non-legislative acts." *McCarthy*, 5 F.4th at 41. The execution of the Resolution falls within the House's power to punish its members for disorderly behavior—a matter the Constitution committed to the House, and therefore a legislative act protected by the Speech or Debate Clause.

To the extent the Representatives contend that the defendants who are House employees are not immune from suit, their argument is also barred by our precedent. By its terms, the Speech or Debate Clause references only "Senators and Representatives," U.S. CONST. art. I, § 6, cl. 1, but we have repeatedly explained that it protects staff who perform legislative acts. *See McCarthy*, 5 F.4th at 39; *Rangel*, 785 F.3d at 25. The adoption and enforcement of the Resolution here are

8

legislative acts. The Sergeant-at-Arms engaged in a legislative act when he fined the Representatives for violating the Resolution, and the Chief Administrative Officer engaged in a legislative act when she deducted those fines from the Representatives' salaries. As a result, both officials are entitled to immunity from suit.

Finally, the Representatives claim immunity does not extend to the enactment and enforcement of House rules that are allegedly unconstitutional. Similar arguments have been "rejected time and again" because immunity from suit is "absolute" as to legislative acts. *Rangel*, 785 F.3d at 24. Immunity attaches even if a plaintiff alleges that a member has violated internal rules or the Constitution. *Id*; *see also Kilbourn*, 103 U.S. at 202 ("[W]hatever is done within the walls of either assembly must pass without question in any other place."). Immunity for legislative acts reinforces the separation of powers by protecting the independence of Congress and "prevent[ing] intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." *Gravel*, 408 U.S. at 617; *United States v. Johnson*, 383 U.S. 169, 181 (1966) (same). "If the mere allegation that a valid legislative act was undertaken for an unworthy purpose would lift the protection of the Clause, then the Clause simply would not provide the protection historically undergirding it." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 508–09 (1975). Because the adoption and enforcement of the Resolution were legislative acts, we cannot pass on their constitutionality.

\* \* \*

For the foregoing reasons, the judgment of the district court is affirmed.

*So ordered*.